| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| --- | --- | --- |
| COUNTY OF MARLBORO | ) | |
| | ) | |
| VERNON O'TUEL, | ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) | ) | |
| | ) | 2015-CP-34-00069 |
| vs. | ) | |
| | ) | |
| Gregory Bowman, individually, Unifi, Inc., and Salem Leasing Corp., | ) | |
| Defendant(s) | ) | |

Submitted By: Douglas E. Jennings
Address: Yarborough Applegate LLC
291 East Bay Street, Floor 2, Charleston, SC 29401

SC Bar #: 100137
Telephone #: 843-972-0150
Fax #: 843-277-....
Other: Douglas
E-mail: douglas@yarboroughapplegate.com

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☒ JURY TRIAL demanded in complaint.   ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
| --- | --- | --- | --- |
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☒ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # 20___-CP-___-___ | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | ☐ Notice/ File Med Mal (230) | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Other (299) | ☐ Personal Injury (350) | ☐ Possession (450) |
| | | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
| --- | --- | --- | --- |
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture –Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |

| Special/Complex /Other | | | |
| --- | --- | --- | --- |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | ☐ Petition for Workers Compensation Settlement Approval (780) | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | ☐ Other (799) | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| | ☐ Sexual Predator (510) | | |

Submitting Party Signature: /s/    Date: 02/24/15

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (04/2012)                                                                 Page 1 of 2

## FOR MANDATED ADR COUNTIES ONLY
Allendale, Anderson, Beaufort, Clarendon, Colleton, Florence, Greenville, Hampton, Horry, Jasper, Lee, Lexington, Pickens (Family Court Only), Richland, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** **You must comply with the Supreme Court Rules regarding ADR. Failure to do so may affect your case or may result in sanctions.**

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOURTH JUDICIAL CIRCUIT |
| COUNTY OF MARLBORO ) | CIVIL ACTION NO. 2015-CP-34-00069 |
| ) | |
| Vernon O'Tuel, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **SUMMONS** |
| v. ) | **(Jury Trial Demanded)** |
| ) | |
| Gregory Bowman, individually, Unifi, Inc., ) | |
| and Salem Leasing Corp., ) | |
| ) | *A CERTIFIED* |
| ) | *TRUE COPY* |
| Defendants. ) | William B. Funderburk |
| ) | *CLERK OF COURT* |
| | *MARLBORO COUNTY* |

FILED 2015 FEB 27 PM 3 09
WILLIAM B. FUNDERBURK
CLERK OF COURT
MARLBORO COUNTY, S.C.

TO DEFENDANTS:

YOU ARE HEREBY SUMMONED AND REQUIRED to Answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer thereto on the subscribers at their office located at 291 East Bay Street, Second Floor, Charleston, South Carolina 29401, within thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the plaintiff in this action will apply to the Court for the relief sought therein.

(Signature Page to Follow)

**Yarborough Applegate LLC**
291 East Bay Street, Second Floor
Charleston, SC 29401
843-972-0150 office
843-277-6691 fax
david@yarboroughapplegate.com
douglas@yarboroughapplegate.com

_____
David B. Yarborough, Jr., Esquire
Douglas E. Jennings, Esquire

and

**Douglas Jennings Law Firm, LLC**
Douglas Jennings, Jr., Esquire
Mason W. King, Esquire
PO Box 995
Bennettsville, SC 29512
843-479-2865 office
843-479-2866 fax

*Attorneys for the Plaintiff*

_____2-24_____, 2015
Charleston, South Carolina

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| --- | --- | --- |
| | ) | FOURTH JUDICIAL CIRCUIT |
| COUNTY OF MARLBORO | ) | CIVIL ACTION NO. 2015-CP-34-00069 |
| | ) | |
| Vernon O'Tuel, | ) | |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | (Jury Trial Demanded) |
| v. | ) | |
| | ) | |
| Gregory Bowman, individually, Unifi, Inc., | ) | |
| and Salem Leasing Corp., | ) | |
| | ) | *A CERTIFIED* |
| | ) | *TRUE COPY* |
| Defendants. | ) | William B. Funderburk |
| | ) | CLERK OF COURT |
| | | MARLBORO COUNTY |

The plaintiff, Vernon O'Tuel, and the undersigned attorneys, complaining of the defendants, jointly and severally would allege and show unto the court the following:

1. That plaintiff is a citizen and resident of the County of Marlboro, State of South Carolina.

2. That defendant Gregory Bowman (hereinafter "Bowman") is a citizen and resident of the State of Virginia.

3. That, upon information and belief, Defendant Unifi, Inc., (hereinafter "Unifi") is a New York corporation doing business in South Carolina with its principal place of business in the State of North Carolina.

4. That, upon information and belief, Defendant Salem Leasing Corporation (hereinafter "Salem") is a North Carolina corporation conducting trucking and transportation business in South Carolina with its principal place of business in the State of North Carolina.

3

5. That this suit arises out of an incident where Defendant Bowman caused a motor vehicle collision in Marlboro County, South Carolina which injured Plaintiff on October 16, 2014.

6. That this court has personal jurisdiction over the parties hereto and subject matter jurisdiction over the claims asserted herein and venue is proper in this Court.

## AS A FIRST CAUSE OF ACTION
(Negligence, Gross Negligence, Recklessness)

7. The allegations set forth in Paragraphs 1 through 6 above are repeated as if set forth herein verbatim.

8. At all times relevant hereto, Defendant Bowman was an employee, agent, and legal representative of Defendants and acting in the course and scope of his employment.

9. Defendants Unifi and Salem are responsible for Defendant Bowman's acts and omissions on October 16, 2014, and the damages caused thereby.

10. On or about October 16, 2014, Defendant Bowman, while driving a commercial tractor trailer owned and operated by Defendants Unifi and Salem, caused a rear-end collision with Plaintiff on Highway 38 North, in Bennettsville, South Carolina.

11. At the time of the collision, Defendants' employee/agent, Bowman, was traveling too fast for conditions on Highway 38 North in Bennettsville, South Carolina.

12. Defendant Bowman struck Plaintiff in the rear of Plaintiff's personal vehicle with his tractor trailer as Plaintiff was turning into his driveway and while Plaintiff had his turn signal activated.

13. The impact of the collision crushed Plaintiff's vehicle and caused serious and permanent injury to Plaintiff which has required Plaintiff to undergo extensive medical treatment and surgical intervention.

14. At the time of the collision, Defendant Bowman was operating his tractor trailer in excess of the posted speed limit and failed to apply the brakes just prior to crashing into the rear of Plaintiff's motor vehicle.

15. At all times relevant hereto, Defendant Bowman owed a duty to the general public, including Plaintiff, to operate his tractor trailer in a safe and reasonable manner and in accordance with State and Federal law.

16. Defendants Unifi and Salem are liable for the negligent acts or omissions of its employee/agent under the common law, the Federal Motor Carrier Safety Regulations, and the theories of *respondeat superior*, agency, master/servant liability, and vicarious liability.

17. That the collision and damages herein described were the direct, foreseeable, and proximate result of the negligent and careless, and willful, wanton, reckless, and grossly negligent acts and/or omissions of Defendants in one or more the following particulars:

    a. failing to yield the right-of-way to the plaintiff;

    b. failing to maintain proper control of the tractor trailer;

    c. failing to comply with the Federal Motor Carrier Safety Regulations;

    d. failing to comply with South Carolina statutory and common law;

    e. traveling too fast for conditions and/or operating his vehicle at an improper speed;

    f. failing to keep a proper lookout;

    g. failing to apply his brakes or otherwise stop or yield his tractor trailer;

    h. failing to see or observe traffic which a reasonable person should see;

    i. failing to abide by the proper rules and regulations concerning appropriate rest;

    j. driving under an impaired and fatigued condition;

    k. failing to use the degree of care and skill required by a tractor trailer driver under the same or similar circumstances;

l.  driving his motor vehicle in a manner as to indicate willful, wanton, grossly negligent, and negligent disregard for the safety of others;

m.  negligent hiring, negligent supervision, negligent training;

n.  negligent entrustment by Unifi and Salem; and

o.  violating the laws of the State of South Carolina and such other and further particulars as the evidence at trial may show.

18. All of the above-referenced acts and omissions, or both, were the actual, direct and proximate cause of the damages and injuries claimed herein.

19. That as a direct and proximate cause of the acts and omissions, or both, of Defendants, Plaintiff suffered physical and mental injuries, which have caused, and in the future will cause, Plaintiff to suffer one or more of the following elements of damage:

a.  Physical pain and suffering;

b.  Loss of income;

c.  Loss of plaintiff's enjoyment of life;

d.  Substantial expenses for past and future medical services;

e.  Permanent impairment;

f.  Mental anguish, shock, fear, and embarrassment;

g.  Expenses for transportation to and from medical services; and

h.  Other particulars as evidence may show at trial.

### FOR A SECOND CAUSE OF ACTION
(Negligent Hiring)

20. Plaintiff re-alleges the allegations of Paragraphs 1 through 19 above as if restated verbatim.

21. Defendants owed a duty to Plaintiff and other to hire employees or personnel who were appropriate to operate commercial motor vehicles and not to hire personnel who would place the motoring public, including Plaintiff, at risk of bodily injury or death.

22. Defendants breached this duty by hiring personnel or employees who committed the acts described in this Complaint and others, and the Defendants had either knew or should have known that Defendant Bowman was likely to commit and/or did commit wrongful conduct but failed to remediate the situation.

23. As a result of Defendants' conduct, Plaintiff is entitled to actual and punitive damages caused by Defendants' breach of duty.

## FOR A THIRD CAUSE OF ACTION
### (Negligent Supervision)

24. Plaintiff re-alleges the allegations of Paragraphs 1 through 23 above as if restated verbatim.

25. Defendants owed a duty to the motoring public, including Plaintiff, to supervise its employees or personnel and determine if these individuals were appropriate to operate commercial motor vehicles and not to allow its employees or personnel to place Plaintiff and other at risk of bodily injury or death.

26. Defendants breached that duty by failing to supervise the personnel who committed the acts described herein and Defendants either knew or should have known that Defendant Bowman was likely to commit and/or did commit wrongful conduct and failed to remediate the situation.

27. As a result of the acts and/or omission of Defendants, Plaintiff is entitled to actual and punitive damages caused by Defendants' breach of duty.

## FOR A FOURTH CAUSE OF ACTION
### (Negligent Retention)

28. Plaintiff re-alleges the allegations of Paragraphs 1 through 27 above as if restated verbatim.

29. Defendants owed a duty to Plaintiff and others to investigate the wrongful and unreasonable conduct of its employees and personnel and take action to prevent severe bodily injury or death to the motoring public.

30. Defendants breached that duty by failing to undertake any appropriate investigation, discharge, remedial training, or reassignment.

## FOR A FIFTH CAUSE OF ACTION
### (Loss of Consortium)

31. The allegations set forth in Paragraphs 1 through 30 above are repeated as if set forth herein verbatim.

32. That Defendants owed a duty of care to Plaintiff.

33. That Defendants breached this duty to Plaintiff.

34. Plaintiff's wife, Ruby O'Tuel, was a passenger in the vehicle being driven by Plaintiff when the rear-end collision occurred with Defendant Bowman.

35. Plaintiff's wife was severely injured in the collision along with Plaintiff.

36. As a direct, foreseeable, and proximate result of the aforesaid negligent, grossly negligent, careless, wanton, and reckless acts and/or omissions of the defendants, Plaintiff Vernon O'Tuel has been forced to endure substantial losses of the marital rights to company, society, cooperation, affection, assistance, fellowship, aid and relations with his spouse.

37. That due to the negligent, grossly negligent, careless, wanton, and reckless acts and/or omissions of Defendants, Plaintiff Vernon O'Tuel is entitled to actual and punitive damages

from Defendants in an amount to be determined by the trier of fact, and punitive damages in such an amount that would deter Defendants from such activities in the future.

Plaintiff is entitled to judgment against Defendants, jointly and severally, for the above-described actual damages and injuries to Plaintiff and for punitive damages in an amount to be determined by the jury.

WHEREFORE, Plaintiff Vernon O'Tuel prays that the court enter judgment against the defendants for the plaintiff's actual and punitive damages in an amount to be determined by the jury, for their reasonable costs of this action, and for such other and further relief as this court may be deemed just and proper.

**Yarborough Applegate LLC**
291 East Bay Street, Second Floor
Charleston, SC 29401
843-972-0150 office
843-277-6691 fax
david@yarboroughapplegate.com
douglas@yarboroughapplegate.com

_____
David B. Yarborough, Jr., Esquire
Douglas E. Jennings, Esquire

**Douglas Jennings Law Firm, LLC**
Douglas Jennings, Jr., Esquire
Mason W. King, Esquire
PO Box 995
Bennettsville, SC 29512
843-479-2865 office
843-479-2866 fax
*Attorneys for the Plaintiff*

___2-24___, 2015
Charleston, South Carolina

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| --- | --- | --- |
| | ) | FOURTH JUDICIAL CIRCUIT |
| COUNTY OF MARLBORO | ) | CIVIL ACTION NO. 2015-CP-34-00069 |
| | ) | |
| Vernon O'Tuel, | ) | |
| | ) | |
| Plaintiff, | ) | SUMMONS |
| | ) | (Jury Trial Demanded) |
| v. | ) | |
| | ) | |
| Unifi Manufacturing, Inc., and Gregory Bowman, individually, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

TO DEFENDANTS:

YOU ARE HEREBY SUMMONED AND REQUIRED to Answer the Amended Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer thereto on the subscribers at their office located at 291 East Bay Street, Second Floor, Charleston, South Carolina 29401, within thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to answer the Amended Complaint within the time aforesaid, the plaintiff in this action will apply to the Court for the relief sought therein.

(Signature Page to Follow)

*A CERTIFIED TRUE COPY*

William B. [signature]

CLERK OF COURT
MARLBORO COUNTY

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| | ) | FOURTH JUDICIAL CIRCUIT |
| COUNTY OF MARLBORO | ) | CIVIL ACTION NO. 2015-CP-34-00069 |
| | ) | |
| Vernon O'Tuel, | ) | |
| | ) | |
| Plaintiff, | ) | **AMENDED COMPLAINT** |
| | ) | (Jury Trial Demanded) |
| v. | ) | |
| | ) | |
| Unifi Manufacturing, Inc., and Gregory Bowman, individually, | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, Vernon O'Tuel, and the undersigned attorneys, complaining of the defendants, jointly and severally would allege and show unto the court the following:

1. That plaintiff is a citizen and resident of the County of Marlboro, State of South Carolina.

2. That defendant Gregory Bowman (hereinafter "Bowman") is a citizen and resident of the State of Virginia.

3. That, upon information and belief, Defendant Unifi Manufacturing, Inc., (hereinafter "Unifi") is a North Carolina corporation doing business in South Carolina with its principal place of business in the State of North Carolina.

4. That this suit arises out of an incident where Defendant Bowman caused a motor vehicle collision in Marlboro County, South Carolina which injured Plaintiff on October 16, 2014.

5. That this court has personal jurisdiction over the parties hereto and subject matter jurisdiction over the claims asserted herein and venue is proper in this Court.

3

TRUE COPY

William B. [signature]

CLERK OF COURT
MARLBORO COUNTY

## AS A FIRST CAUSE OF ACTION
(Negligence, Gross Negligence, Recklessness)

6. The allegations set forth in Paragraphs 1 through 5 above are repeated as if set forth herein verbatim.

7. At all times relevant hereto, Defendant Bowman was an employee, agent, and legal representative of Defendants and acting in the course and scope of his employment.

8. Defendant Unifi is responsible for Defendant Bowman's acts and omissions on October 16, 2014, and the damages caused thereby.

9. On or about October 16, 2014, Defendant Bowman, while driving a commercial tractor trailer owned and operated by Defendant Unifi, caused a rear-end collision with Plaintiff on Highway 38 North, in Bennettsville, South Carolina.

10. At the time of the collision, Defendant's employee/agent, Bowman, was traveling too fast for conditions on Highway 38 North in Bennettsville, South Carolina.

11. Defendant Bowman struck Plaintiff in the rear of Plaintiff's personal vehicle with his tractor trailer as Plaintiff was turning into his driveway and while Plaintiff had his turn signal activated.

12. The impact of the collision crushed Plaintiff's vehicle and caused serious and permanent injury to Plaintiff which has required Plaintiff to undergo extensive medical treatment and surgical intervention.

13. At the time of the collision, Defendant Bowman was operating his tractor trailer in excess of the posted speed limit and failed to apply the brakes just prior to crashing into the rear of Plaintiff's motor vehicle.

*A CERTIFIED TRUE COPY*

*William B. Burdinbark*

*CLERK OF COURT*
*MARLBORO COUNTY*

14. At all times relevant hereto, Defendant Bowman owed a duty to the general public, including Plaintiff, to operate his tractor trailer in a safe and reasonable manner and in accordance with State and Federal law.

15. Defendant Unifi is liable for the negligent acts or omissions of its employee/agent under the common law, the Federal Motor Carrier Safety Regulations, and the theories of *respondeat superior*, agency, master/servant liability, and vicarious liability.

16. That the collision and damages herein described were the direct, foreseeable, and proximate result of the negligent and careless, and willful, wanton, reckless, and grossly negligent acts and/or omissions of Defendants in one or more the following particulars:

   a. failing to yield the right-of-way to the plaintiff;

   b. failing to maintain proper control of the tractor trailer;

   c. failing to comply with the Federal Motor Carrier Safety Regulations;

   d. failing to comply with South Carolina statutory and common law;

   e. traveling too fast for conditions and/or operating his vehicle at an improper speed;

   f. failing to keep a proper lookout;

   g. failing to apply his brakes or otherwise stop or yield his tractor trailer;

   h. failing to see or observe traffic which a reasonable person should see;

   i. failing to abide by the proper rules and regulations concerning appropriate rest;

   j. driving under an impaired and fatigued condition;

   k. failing to use the degree of care and skill required by a tractor trailer driver under the same or similar circumstances;

   l. driving his motor vehicle in a manner as to indicate willful, wanton, grossly negligent, and negligent disregard for the safety of others;

   m. negligent hiring, negligent supervision, negligent training;

   n. negligent entrustment by Unifi and Salem; and

*A CERTIFIED TRUE COPY*

William B. [signature]

*CLERK OF COURT
MARLBORO COUNTY*

FILED
2015 APR 24 AM 11 14
WILLIAM B. FUR[...]
CLERK OF CO[...]
MARLBORO COUNTY, S.C.

5

o. violating the laws of the State of South Carolina and such other and further particulars as the evidence at trial may show.

17. All of the above-referenced acts and omissions, or both, were the actual, direct and proximate cause of the damages and injuries claimed herein.

18. That as a direct and proximate cause of the acts and omissions, or both, of Defendants, Plaintiff suffered physical and mental injuries, which have caused, and in the future will cause, Plaintiff to suffer one or more of the following elements of damage:

   a. Physical pain and suffering;
   b. Loss of income;
   c. Loss of plaintiff's enjoyment of life;
   d. Substantial expenses for past and future medical services;
   e. Permanent impairment;
   f. Mental anguish, shock, fear, and embarrassment;
   g. Expenses for transportation to and from medical services; and
   h. Other particulars as evidence may show at trial.

### FOR A SECOND CAUSE OF ACTION
(Negligent Hiring)

19. Plaintiff re-alleges the allegations of Paragraphs 1 through 18 above as if restated verbatim.

20. Defendants owed a duty to Plaintiff and other to hire employees or personnel who were appropriate to operate commercial motor vehicles and not to hire personnel who would place the motoring public, including Plaintiff, at risk of bodily injury or death.

21. Defendants breached this duty by hiring personnel or employees who committed the acts described in this Complaint and others, and the Defendants had either knew or should have

FILED
WILLIAM B. FUNDERBURK
CLERK OF COURT
MARLBORO COUNTY, S.C.
2015 APR 24 AM 11 14

A CERTIFIED
TRUE COPY
CLERK OF COURT
MARLBORO COUNTY

known that Defendant Bowman was likely to commit and/or did commit wrongful conduct but failed to remediate the situation.

22. As a result of Defendants' conduct, Plaintiff is entitled to actual and punitive damages caused by Defendants' breach of duty.

## FOR A THIRD CAUSE OF ACTION
### (Negligent Supervision)

23. Plaintiff re-alleges the allegations of Paragraphs 1 through 22 above as if restated verbatim.

24. Defendants owed a duty to the motoring public, including Plaintiff, to supervise its employees or personnel and determine if these individuals were appropriate to operate commercial motor vehicles and not to allow its employees or personnel to place Plaintiff and others at risk of bodily injury or death.

25. Defendants breached that duty by failing to supervise the personnel who committed the acts described herein and Defendants either knew or should have known that Defendant Bowman was likely to commit and/or did commit wrongful conduct and failed to remediate the situation.

26. As a result of the acts and/or omission of Defendants, Plaintiff is entitled to actual and punitive damages caused by Defendants' breach of duty.

## FOR A FOURTH CAUSE OF ACTION
### (Negligent Retention)

27. Plaintiff re-alleges the allegations of Paragraphs 1 through 26 above as if restated verbatim.

7

*A CERTIFIED*
*TRUE COPY*

*William B. Swinkunbergh*

*CLERK OF COURT*
*MARLBORO COUNTY*

28. Defendants owed a duty to Plaintiff and others to investigate the wrongful and unreasonable conduct of its employees and personnel and take action to prevent severe bodily injury or death to the motoring public.

29. Defendants breached that duty by failing to undertake any appropriate investigation, discharge, remedial training, or reassignment.

## FOR A FIFTH CAUSE OF ACTION
(Loss of Consortium)

30. The allegations set forth in Paragraphs 1 through 29 above are repeated as if set forth herein verbatim.

31. That Defendants owed a duty of care to Plaintiff.

32. That Defendants breached this duty to Plaintiff.

33. Plaintiff's wife, Ruby O'Tuel, was a passenger in the vehicle being driven by Plaintiff when the rear-end collision occurred with Defendant Bowman.

34. Plaintiff's wife was severely injured in the collision along with Plaintiff.

35. As a direct, foreseeable, and proximate result of the aforesaid negligent, grossly negligent, careless, wanton, and reckless acts and/or omissions of the defendants, Plaintiff Vernon O'Tuel has been forced to endure substantial losses of the marital rights to company, society, cooperation, affection, assistance, fellowship, aid and relations with his spouse.

36. That due to the negligent, grossly negligent, careless, wanton, and reckless acts and/or omissions of Defendants, Plaintiff Vernon O'Tuel is entitled to actual and punitive damages from Defendants in an amount to be determined by the trier of fact, and punitive damages in such an amount that would deter Defendants from such activities in the future.

*A CERTIFIED TRUE COPY*

William B. Burkhalter

*CLERK OF COURT*
*MARLBORO COUNTY*

FILED 2015 APR 24 AM 11 14 WILLIAM B. FREEMAN CLERK OF COURT MARLBORO COUNTY, S.C.

Plaintiff is entitled to judgment against Defendants, jointly and severally, for the above-described actual damages and injuries to Plaintiff and for punitive damages in an amount to be determined by the jury.

WHEREFORE, Plaintiff Vernon O'Tuel prays that the court enter judgment against the defendants for the plaintiff's actual and punitive damages in an amount to be determined by the jury, for their reasonable costs of this action, and for such other and further relief as this court may be deemed just and proper.

**Yarborough Applegate LLC**
291 East Bay Street, Second Floor
Charleston, SC 29401
843-972-0150 office
843-277-6691 fax
david@yarboroughapplegate.com
douglas@yarboroughapplegate.com

_____
David B. Yarborough, Jr., Esquire
Douglas E. Jennings, Esquire

Douglas Jennings Law Firm, LLC
Douglas Jennings, Jr., Esquire
Mason W. King, Esquire
PO Box 995
Bennettsville, SC 29512
843-479-2865 office
843-479-2866 fax
*Attorneys for the Plaintiff*

4-21, 2015
Charleston, South Carolina

FILED 2015 APR 24 AM 11 15

*A CERTIFIED TRUE COPY*

William B. [signature]

CLERK OF COURT
MARLBORO COUNTY

9