IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Vernon O'Tuel,<br><br>Plaintiff,<br><br>v.<br><br>Unifi Manufacturing, Inc., and Gregory Bowman, Individually,<br><br>Defendants. | ) | C/A No.: 4:15-cv-02200-RBH<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**<br>(Jury Trial Demanded) |

Defendants above-named, ("Defendants"), answering Plaintiff's Amended Complaint, allege and say:

1. They admit, upon information and belief, the allegations contained in Paragraph 1.

2. They admit the allegations contained in Paragraph 2.

3. They admit the allegations contained in Paragraph 3.

4. Answering the allegations of Paragraph 4, they admit that this suit arises out of a motor vehicle collision in Marlboro County, South Carolina, which occurred on October 16, 2014. They deny the remaining allegations contained in Paragraph 4.

5. Answering the allegations contained in Paragraph 5, they admit that the United States District Court for the District of South Carolina, Florence Division, has jurisdiction over the claims asserted herein and venue is proper in that court.

**AS TO THE FIRST CAUSE OF ACTION**
(Negligence, Gross Negligence, Recklessness)

6. Answering the allegations of Paragraph 6, they reassert and reallege their responses to the allegations of Paragraphs 1 through 5 as if set forth verbatim herein.

7. They admit the allegations contained in Paragraph 7.

8. The allegations of Paragraph 8 state conclusions of law which they are required neither to admit nor deny.

9. Answering the allegations of Paragraph 9, they admit that on or about October 16, 2014, Defendant Bowman, while driving a commercial tractor trailer owned and operated by Defendant Unifi, was involved in a motor vehicle accident with Plaintiff's personal vehicle on Highway 38 North in Bennettsville, South Carolina. They deny the remaining allegations contained in Paragraph 9.

10. They deny the allegations contained in Paragraph 10.

11. Answering the allegations of Paragraph 11, they admit that Defendant Bowman struck Plaintiff in the rear of Plaintiff's personal vehicle with his tractor trailer. They are without sufficient information to form a belief as to the remaining allegations contained in Paragraph 11 and, as such, deny same.

12. Answering the allegations contained in Paragraph 12, they admit that the impact of the collision caused injuries to Plaintiff which has required Plaintiff to undergo medical treatment and surgical intervention. They are without sufficient information to either admit or deny the remaining allegations contained in Paragraph 12 and, as such, deny same.

13. They deny the allegations contained in Paragraph 13.

14. The allegations of Paragraph 14 state conclusions of law which they are required neither to admit nor deny.

15. The allegations of Paragraph 15 state conclusions of law which they are required neither to admit nor deny.

16. They deny the allegations contained in Paragraph 16.

17. They deny the allegations contained in Paragraph 17.

18. They deny the allegations contained in Paragraph 18.

**AS TO THE SECOND CAUSE OF ACTION**
(Negligent Hiring)

19. Answering the allegations of Paragraph 19, they reassert and reallege their responses to the allegations of Paragraphs 1 through 18 as if set forth verbatim herein.

20. The allegations of Paragraph 20 state conclusions of law which they are required neither to admit nor deny.

21. They deny the allegations contained in Paragraph 21.

22. They deny the allegations contained in Paragraph 22.

**AS TO THE THIRD CAUSE OF ACTION**
(Negligent Supervision)

23. Answering the allegations of Paragraph 23, they reassert and reallege their responses to the allegations of Paragraphs 1 through 22 as if set forth verbatim herein.

24. The allegations of Paragraph 24 state conclusions of law which they are required neither to admit nor deny.

25. They deny the allegations contained in Paragraph 25.

26. They deny the allegations contained in Paragraph 26.

**AS TO THE FOURTH CAUSE OF ACTION**
(Negligent Retention)

27. Answering the allegations of Paragraph 27, they reassert and reallege their responses to the allegations of Paragraphs 1 through 26 as if set forth verbatim herein.

28. The allegations of Paragraph 28 state conclusions of law which they are required neither to admit nor deny.

29. They deny the allegations contained in Paragraph 29.

**AS TO THE FIFTH CAUSE OF ACTION**
(Loss of Consortium)

30. Answering the allegations of Paragraph 30, they reassert and reallege their responses to the allegations of Paragraphs 1 through 29 as if set forth verbatim herein.

31. The allegations of Paragraph 31 state conclusions of law which they are required neither to admit nor deny.

32. They deny the allegations contained in Paragraph 32.

33. They admit the allegations contained in Paragraph 33.

34. Answering the allegations contained in Paragraph 34, they admit, upon information and belief, that Plaintiff's wife was injured in the subject motor vehicle accident, along with Plaintiff. They are without sufficient information to form a belief as to the remaining allegations contained in Paragraph 34.

35. They deny the allegations contained in Paragraph 35.

36. They deny the allegations contained in Paragraph 36.

37. They deny each and every allegation of Plaintiff's Amended Complaint which is not hereinabove specifically admitted.

**FURTHER ANSWERING AND AS AN ADDITIONAL DEFENSE,**
**DEFENDANTS ALLEGE AND SAY:**

38. The Plaintiff's damages were due solely to, caused wholly by, and were the direct and proximate result or an intervening and superseding result of the acts and omissions of some other person, entity, or party over whom these Defendants had no control so as to bar recovery against these Defendants.

**FURTHER ANSWERING AND AS AN ADDITIONAL DEFENSE,**
**DEFENDANTS ALLEGE AND SAY:**

39. At the time of the accident described in the Complaint, the Defendant Gregory Bowman was faced with a sudden emergency not of his own making, and he acted as a reasonable and prudent person would have done under the circumstances so as to bar recovery against the Defendants.

**FURTHER ANSWERING AND AS AN ADDITIONAL DEFENSE, DEFENDANTS ALLEGE AND SAY:**

40. At the time of the accident described in the Complaint, the Defendant Gregory Bowman had no reason to suspect that the accident would occur under the circumstances and, therefore, said accident was unavoidable so as to bar recovery against the Defendants.

**FURTHER ANSWERING AND AS AN ADDITIONAL DEFENSE, DEFENDANTS ALLEGE AND SAY:**

41. The Plaintiff's claim for punitive damages violates the South Carolina State Constitution and like portions of the United States Constitution and should be dismissed.

WHEREFORE, having fully answered the Plaintiff's Amended Complaint, the Defendants pray same be dismissed.

HAYNSWORTH SINKLER BOYD, P.A.
134 Meeting Street, Ste. 300
P.O. Box 340
Charleston, South Carolina 29402
(843) 722-3366
(843) 722-2266 (fax)
jtiller@hsblawfirm.com
ayount@hsblawfirm.com

By s/Adam N. Yount
John H. Tiller
Fed. ID# 04890
Adam N. Yount
Fed. ID# 10313

Attorneys for Defendants

June 4, 2015
Charleston, South Carolina